THE HONORABLE S. KATE VAUGHAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| GIL ELIE,<br><br>                    Plaintiff,<br><br>            v.<br><br>NORTH STAR FISHING COMPANY, LLC., aka/and CAPE HORN VESSEL, LLC., a Washington Limited Liability Company; and GLACIER FISH COMPANY, LLC., a Washington Limited Liability Company,<br><br>                    Defendants. | No. 2:21-cv-01474-SKV<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants North Star Fishing Company, LLC, Cape Horn Vessel, LLC and Glacier Fish Company, LLC (collectively hereinafter "Defendants") answer Plaintiff Gil Elie's Complaint and Jury Demand (the "Complaint") as follows:

## NATURE OF THE CASE

1.      The allegations in Paragraph 1 of the Complaint contain statements regarding the types of claims Plaintiff asserts in the Complaint and to which no affirmative response appears required from Defendants as the content of the Complaint speaks for itself.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

**JURISDICTION AND VENUE**

2.      The allegations in Paragraph 2 of the Complaint present issues of law for the Court's determination and to which no affirmative responses is required from Defendants.

3.      The allegations in Paragraph 3 of the Complaint present issues of law for the Court's determination and to which no affirmative response is required from Defendants.

4.      The allegations in Paragraph 4 of the Complaint present issues of law for the Court's determination and to which no affirmative response is required from Defendants.

5.      The allegations in Paragraph 5 of the Complaint present issues of law for the Court's determination and to which no affirmative response is required from Defendants.

**PARTIES**

6.      In response to Paragraph 6 of the Complaint, admit that Plaintiff Gil Elie is a former crewmember on the F/T CAPE HORN and that North Star Fishing Company, LLC employed Plaintiff pursuant to a 2021 Crew Member Agreement.  All allegations not specifically admitted are denied.

7.      In response to Paragraph 7 of the Complaint, admit that North Star Fishing Company, LLC employed Plaintiff pursuant to a 2021 Crew Member Agreement and admit that Plaintiff was employed as a Processor.  All allegations not specifically admitted are denied.

8.      In response to Paragraph 8 of the Complaint, admit that Plaintiff worked on the F/T CAPE HORN under a 2021 Crew Member Agreement.  All allegations not specifically admitted are denied.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

9.      In response to Paragraph 9 of the Complaint, admit that Plaintiff worked on the F/T CAPE HORN under a 2021 Crew Member Agreement.  To the extent Paragraph 9 asserts claims relative to status under Section 1981, it states legal issues for the Court's determination and to which no response is required by Defendants.  All allegations not specifically admitted are denied.

10.     In response to Paragraph 10 of the Complaint, admit that North Star Fishing Company, LLC employed Plaintiff pursuant to a 2021 Crew Member Agreement.  To the extent Paragraph 9 asserts claims relative to status under the WLAD , it states legal issues for the Court's determination and to which no response is required by Defendants All allegations not specifically admitted are denied.

11.     In response to Paragraph 11 of the Complaint, admit that Plaintiff was compensated for his work according to the terms of the 2021 Crew Member Agreement.  All allegations not specifically admitted are denied.

12.     In response to Paragraph 12 of the Complaint, admit that Cape Horn Vessel, LLC was the owner of the F/T CAPE HORN in May and June 2021 and admit that North Star Fishing, LLC operated and managed the F/T CAPE HORN in May and June 2021. Denied in all respects not specifically admitted.

13.     In response to Paragraph 13 of the Complaint, admit.

14.     The allegations in Paragraph 14 of the Complaint present issues of law for the Court's determination and to which no affirmative response is required from Defendants. To the extent a response is required, denied.

15.     In response to Paragraph 15 of the Complaint, admit.

16.     In response to Paragraph 16 of the Complaint, admit.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

17.     In response to Paragraph 17 of the Complaint, admit.

18.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore deny same.

19.     In response to Paragraph 19 of the Complaint, admit .

20.     In response to Paragraph 20 of the Complaint admit that Alfredo Amezuca was a foreman on the F/T/ CAPE HORN.  To the extent Paragraph 20 uses the term "supervisor" as a legal status relative to the claims asserted by Plaintiff it presents questions of law for the Court's determination and to which no affirmative responses is required from Defendants.  Denied in all respects not specifically admitted.

21.     Paragraph 21 of the Complaint presents questions of law for the Court's determination and to which no response appears required from Defendants.  To the extent a response is required, denied.

22.     In response to Paragraph 22 of the Complaint, admit.

23.     In response to Paragraph 23 of the Complaint, admit that Nick Clubb was a deck boss on the F/T CAPE HORN.  To the extent Paragraph 23 uses the term "supervisory" as a legal status relative to the claims asserted by Plaintiff it presents questions of law for the Court's determination and to which no affirmative response is required from Defendants. Denied in all respects not specifically admitted.

24.     In response to Paragraph 24 of the Complaint, admit that Amy Hollingsworth was a Vessel Recruiter for the CAPE HORN, and that Rosy Barocio-Garibay was a vessel recruiter for other vessels. Denied in all respects not specifically admitted.

//

//

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

**FACTUAL ALLEGATIONS**

25.     In responses to Paragraph 25 of the Complaint, admit.

26.     In response to Paragraph 26 of the Complaint, admit that Plaintiff signed a 2021 Crew Member Agreement on May 22, 2021.  Denied in all respects not specifically admitted.

27.     In response to Paragraph 27 of the Complaint, admit that Plaintiff signed a 2021 Crew Member Agreement for Trip 12-2021 on the F/T CAPE HORN on May 22, 2021. Denied in all respects not specifically admitted

28.     In response to Paragraph 28, admit that Plaintiff boarded the F/T CAPE HORN on May 24, 2021 in Dutch Harbor, Alaska, and that the F/T CAPE HORN departed Dutch Harbor, Alaska on May 25, 2021.  Denied in all respects not specifically admitted.

29.     In response to Paragraph 28 of the Complaint, admit that crewmembers on the F/T CAPE HORN are from diverse backgrounds and ethnicities.  Admit that Plaintiff identifies as black.  Denied in all respects not specifically admitted.

30.     In responses to Paragraph 30 of the Complaint, admit that Plaintiff's job responsibilities were consistent with those of other processors on the F/T CAPE HORN. Admit that processor job duties may include, but are not limited to work on both the deck and the factory.  Denied in all respects not specifically admitted.

31.     In response to Paragraph 31 of the Complaint, denied.

32.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore deny same.

33.     In response to Paragraph 33 of the Complaint, denied

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

34.     Defendants are without sufficient knowledge or information regarding whether Plaintiff was working at the cutting station on June 7, 2021, and therefore deny same.  All other allegations in Paragraph 34 are denied.  All allegations not specifically admitted are denied.

35.     In response to Paragraph 35 of the Complaint, denied.

36.     In response to Paragraph 36 of the Complaint, denied.

37.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore deny same.

38.     In response to Paragraph 38 of the Complaint, denied.

39.     In response to Paragraph 39 of the Complaint, admit that on June 7, 2021, Plaintiff asked Rucinski if he could talk to her about an incident in the factory.  Denied in all respects not specifically admitted.

40.     In response to Paragraph 40 of the Complaint, admit that on June 8, 2021, Plaintiff spoke to Rucinski and Pack in the wheelhouse and at that time claimed that Alfredo Amezcua had called him "mayate."  Denied in all respects not specifically admitted.

41.     In response to Paragraph 41 of the Complaint, admit that on June 8, 2021, Plaintiff spoke to Rucinski and Pack in the wheelhouse. Denied in all respects not specifically admitted.

42.     In response to Paragraph 42 of the Complaint, admit that on June 8, 2021, Plaintiff claimed that Alfredo Amezcua had called him "mayate" on a single occasion. Denied in all respects not specifically admitted.

43.     In response to Paragraph 43 of the Complaint, admit that Plaintiff surreptitiously, improperly and without participant knowledge and/or consent took video

{29792-00759915;1}
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 6

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

and/or audio recordings while onboard the F/T CAPE HORN.  Denied in all respects not specifically admitted.

44.     Paragraph 44 of the Complaint appears to contain an informal, uncertified, incomplete, rendition of an unauthenticated and potentially unlawful recording, to which Defendants lack the knowledge or information sufficient to form a belief regarding, and therefore deny same.

45.     In response to Paragraph 45 of the Complaint, denied.

46.     In response to Paragraph 46 of the Complaint, denied.

47.     In response to Paragraph 47 of the Complaint, denied.

48.     In response to Paragraph 48 of the Complaint, admit based on information and belief that the hours of second shift on the CAPE HORN were 4:00pm to 8:00am. Denied in all respects not specifically admitted.

49.     In response to Paragraph 49 of the Complaint, admit based on information and belief that the hours of third shift on the CAPE HORN were 12:00am to 4:00pm. Denied in all respects not specifically admitted

50.     In response to Paragraph 50 of the Complaint, denied.

51.     In response to Paragraph 51 of the Complaint, denied.

52.     In response to Paragraph 52 of the Complaint, admit that Plaintiff's performance and conduct on deck constituted a safety risk to himself and others.  Denied in all respects not specifically admitted.

53.     In response to Paragraph 53 of the Complaint, admit that Plaintiff's performance and conduct on deck constituted a safety risk to himself and others.  Denied in all respects not specifically admitted.

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

54.      In response to Paragraph 54 of the Complaint, denied.

55.      In response to Paragraph 55 of the Complaint, admit that on or around June 8, 2021, Plaintiff placed a bin of fish in an improper location and that the bin of fish fell. Denied in all respects not specifically admitted.

56.      In response to Paragraph 56 of the Complaint, admit that Alfredo Amezcua asked Plaintiff to pick up the spilled fish.  Denied in all respects not specifically admitted.

57.      In response to Paragraph 57 of the Complaint, admit that Plaintiff ignored Mr. Amezcua's request.  Admit that Plaintiff eventually picked up some of the fish.  Denied in all respects not specifically admitted.

58.      In response to Paragraph 58 of the Complaint, admit on information and belief that Plaintiff worked in the packing area on June 9, 2021.

59.      In response to Paragraph 59 of the Complaint, denied.

60.      In response to Paragraph 60 of the Complaint, denied.

61.      In response to Paragraph 61 of the Complaint, denied.

62.      In response to Paragraph 62, admit that Alfredo Amezcua did not throw fish at any crewmembers on the F/T CAPE HORN. Denied in all respects not specifically admitted.

63.      In response to Paragraph 63 of the Complaint, denied.

64.      In response to Paragraph 64 of the Complaint, denied.

65.      In response to Paragraph 65 of the Complaint, admit that Rucinski was working at the QC station on June 9.  Denied in all respects not specifically admitted.

66.      In response to Paragraph 66 of the Complaint, admit that Plaintiff alleged that Alfredo Amezcua was pushing fish into the packing bins too forcefully.  Denied in all respects not specifically admitted.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

67.     In response to Paragraph 67 of the Complaint, admit that Rucinski investigated Plaintiff's complaint and requested more information about the nature of the alleged issue.   Denied in all respects not specifically admitted.

68.     In response to Paragraph 68 of the Complaint, admit that Plaintiff demonstrated to Rucinski how water splashed up when fish were placed in the packing bins. Denied in all respects not specifically admitted.

69.     In response to Paragraph 69 of the Complaint, admit.

70.     In response to Paragraph 70 of the Complaint, denied.

71.     In response to Paragraph 71 of the Complaint, admit.

72.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 72, and therefore deny same.

73.     In response to Paragraph 73 of the Complaint, admit that Plaintiff completed a written incident report on June 9, 2021. Denied in all respects not specifically admitted.

74.     In response to Paragraph 74 of the Complaint, admit that Plaintiff completed a written incident report on June 9, 2021. Denied in all respects not specifically admitted.

75.     In response to Paragraph 75 of the Complaint, admit that Plaintiff completed a written incident report on June 9, 2021. Denied in all respects not specifically admitted.

76.     In response to Paragraph 76 of the Complaint, admit that reports of Plaintiff's insubordination had been received and Plaintiff was advised of same.  Denied in all respects not specifically admitted.

77.     In response to Paragraph 77 of the Complaint, admit that Plaintiff disputed the reports of insubordination.  Denied in all respects not specifically admitted.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

78.     In response to Paragraph 78 of the Complaint, admit that Plaintiff surreptitiously, improperly and without participant knowledge and/or consent took video and/or audio recordings while onboard the F/T CAPE HORN.  Denied in all respects not specifically admitted.

79.     In response to Paragraph 79 of the Complaint appears to contain an informal, uncertified, incomplete, and rendition of an unauthenticated recording, to which Defendants lack the knowledge or information sufficient to form a belief regarding, and therefore deny same.

80.     In response to Paragraph 80 of the Complaint, admit that Charles Whitaker is a Level 2 processor. Denied in all respects not specifically admitted.

81.     In response to Paragraph 81 of the Complaint, denied.

82.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 82, and therefore deny same.

83.     In response to Paragraph 83, admit that the Cook and Assistant Cook on the CAPE HORN do the crew's laundry, and that the crewmembers do not do their own laundry. Denied in all respects not specifically admitted.

84.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 84 and therefore deny same.

85.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 85, and therefore deny same.

86.     In response to Paragraph 86 of the Complaint, admit that Plaintiff met with Captain Doremus in the wheelhouse on or about June 10, 2021.  Denied in all respects not specifically admitted.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

87.     In response to Paragraph 87 of the Complaint, admit that Plaintiff received a disciplinary warning for ignoring Alfredo Amezcua's request that he pick up spilled fish. Denied in all respects not specifically admitted.

88.     In response to Paragraph 88 of the Complaint, admit that Plaintiff disputed the disciplinary warning.  Denied in all respects not specifically admitted.

89.     In response to Paragraph 89 of the Complaint, admit that Plaintiff refused to sign the disciplinary warning.  Denied in all respects not specifically admitted.

90.     In response to Paragraph 90 of the Complaint, admit that Plaintiff surreptitiously, improperly and without participant knowledge and/or consent took video and/or audio recordings while onboard the F/T CAPE HORN.  Denied in all respects not specifically admitted.

91.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 91, and therefore deny same.

92.     In response to Paragraph 92 of the Complaint, denied.

93.     In response to Paragraph 93 of the Complaint, denied.

94.     In response to Paragraph 94 of the Complaint, admit that Captain Doremus provided paperwork to Plaintiff.  Denied in all respects not specifically admitted.

95.     In response to Paragraph 95 of the Complaint, admit that Plaintiff refused to sign any paperwork.  Denied in all respects not specifically admitted.

96.     In response to Paragraph 96 of the Complaint, denied.

97.     In response to Paragraph 97 of the Complaint, admit that Plaintiff was provided meals onboard the vessel.  Further admit that Plaintiff took his meals after the working crewmembers had finished eating.  Denied in all respects not specifically admitted.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

98.     In response to Paragraph 98 of the Complaint, admit that Plaintiff disagreed with the timing in which he was provided meals.  Denied in all respects not specifically admitted.

99.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 99, and therefore deny same.

100.     Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 100, and therefore deny same.

101.     Defendants are without sufficient knowledge or information so as to form a belief as   to the truth of the allegations contained in Paragraph 101, and therefore deny same.

102.     In response to Paragraph 102 of the Complaint, admit that F/T CAPE HORN crewmembers, including Plaintiff, were not denied meals.  Denied in all respects not specifically admitted.

103.     In response to Paragraph 103 of the Complaint, admit that Plaintiff complained about the food and demanded to make phone calls.  Denied in all respects not specifically admitted.

104.     In response to Paragraph 104 of the Complaint, admit that Plaintiff surreptitiously, improperly and without participant knowledge and/or consent took video and/or audio recordings while onboard the F/T CAPE HORN.  Denied in all respects not specifically admitted.

105.     Paragraph 105 of the Complaint appears to contain an informal, uncertified, incomplete, rendition of an unauthenticated recording, to which Defendants lack the knowledge or information sufficient to form a belief regarding, and therefore deny same.

106.     In response to Paragraph 106 of the Complaint, denied

{29792-00759915;1}
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 12

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

107.   In response to Paragraph 107 of the Complaint, denied

108.   In response to Paragraph 108 of the Complaint, admit that Plaintiff surreptitiously, improperly and without participant knowledge and/or consent took video and/or audio recordings while onboard the F/T CAPE HORN.  Denied in all respects not specifically admitted.

109.   Paragraph 109 of the Complaint is stated to represent a stillframe from a purported and unauthenticated video taken in violation of policy, to which Defendants lack the knowledge or information sufficient to form a belief regarding, and therefore deny same.

110.   Paragraph 110 of the Complaint appears to contain an informal, uncertified, incomplete, rendition of an unauthenticated recording, to which Defendants lack the knowledge or information sufficient to form a belief regarding, and therefore deny same.

111.   In response to Paragraph 111 of the Complaint, denied

112.   In response to Paragraph 112 of the Complaint, admit that Plaintiff sent Rosy Barocio-Garibay an email on June 12, 2021 and that this email included various allegations. Denied in all respects not specifically admitted.

113.   In response to Paragraph 113 of the Complaint, admit that Plaintiff used the words "immediate help" in the email of June 12, 2021.  Denied in all respects not specifically admitted.

114.   In response to Paragraph 114 of the Complaint, admit that Rosy Barocio-Garibay did not respond to the June 12, 2021.  Further admit that vessel recruiter Amy Hollingsworth did respond to the June 12, 2021 email.

115.   In response to Paragraph 115 of the Complaint, denied

116.   In response to Paragraph 116 of the Complaint, denied

{29792-00759915;1}
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 13

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

117.    In response to Paragraph 117 of the Complaint, denied

118.    In response to Paragraph 118 of the Complaint, admit a meeting was held on June 12, 2021.  Denied in all respects not specifically admitted.

119.    In response to Paragraph 119 of the Complaint, admit that Plaintiff reiterated the allegations in his June 12, 2021 email during the meeting on June 12, 2021.  Denied in all respects not specifically admitted.

120.    In response to Paragraph 120 of the Complaint, admit that Plaintiff's claims regarding the alleged use of "mayate" by Alfredo Amezcua had been investigated and that the investigation did not corroborate the allegation.  Denied in all respects not specifically admitted.   To the extent Paragraph 120 of the Complaint appears to contain an informal, uncertified, incomplete, rendition of an unauthenticated recording, Defendants lack the knowledge or information sufficient to form a belief regarding, and therefore deny same.

121.    In response to Paragraph 121 of the Complaint, admit that Plaintiff quit, and that Ms. Hollingsworth advised Plaintiff of this understanding.  Denied in all respects not specifically admitted.

122.    In response to Paragraph 121 of the Complaint, admit that on June 12, 2021, Plaintiff claimed he did not quit and had been instructed not to return to work.  Denied in all respects not specifically admitted.

123.    In response to Paragraph 123 of the Complaint, admit that Ms. Hollingsworth listened to Plaintiff and advised that she would review information regarding Plaintiff's status. Denied in all respects not specifically admitted.

124.    In response to Paragraph 124 of the Complaint, admit that Plaintiff surreptitiously, improperly and without participant knowledge and/or consent took video

{29792-00759915;1}
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 14

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

and/or audio recordings while onboard the F/T CAPE HORN.  Denied in all respects not specifically admitted.

125.     Paragraph 125 of the Complaint appears to contain an informal, uncertified, incomplete, rendition of an unauthenticated recording, to which Defendants lack the knowledge or information sufficient to form a belief regarding, and therefore deny same.

126.     In response to Paragraph 126 of the Complaint, admit that Ms. Hollingsworth referred Plaintiff to his 2021 Crew Member Agreement in regarding to questions regarding transportation expenses.  Denied in all respects not specifically admitted.

127.     In response to Paragraph 127 of the Complaint, admit that Plaintiff requested to use the vessel phone, and further that Plaintiff had access through vessel wifi services to contact anyone he wished—including but not limited to an attorney and/or the EEOC. Further admit that Plaintiff stated he was in communication with an attorney while he was on the F/T CAPE HORN.  Denied in all respects not specifically admitted.

128.     In response to Paragraph 128, admit that Plaintiff was not allowed to use the vessel phone.  Further admit that Plaintiff at all times had access to vessel wifi services. Denied in all respects not specifically admitted.

129.     In response to Paragraph 129 of the Complaint, denied.

130.     In response to Paragraph 130 of the Complaint, denied.

131.     In response to Paragraph 131 of the Complaint, admit that Plaintiff surreptitiously, improperly and without participant knowledge and/or consent took video and/or audio recordings while onboard the F/T CAPE HORN.  Paragraph 131 of the Complaint is stated to represent a stillframe from a purported and unauthenticated video taken in violation of policy, to which Defendants lack the knowledge or information

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

sufficient to form a belief regarding, and therefore deny same.  Defendants further deny that the stillframe in Paragraph 131 represents "graffiti."

132.    In response to Paragraph 132 of the Complaint, admit that Plaintiff was provided pre-plated food. Denied in all respects not specifically admitted.

133.    In response to Paragraph 133 of the Complaint, admit that Plaintiff was provided food and was not denied access to food. Denied in all respects not specifically admitted.

134.    In response to Paragraph 134 of the Complaint, denied.

135.    In response to Paragraph 135 of the Complaint, denied.

136.    In response to Paragraph 136 of the Complaint, denied.

137.    In response to Paragraph 137 of the Complaint, denied.

138.    In response to Paragraph 138 of the Complaint, admit that Plaintiff surreptitiously, improperly and without participant knowledge and/or consent took video and/or audio recordings while onboard the F/T CAPE HORN.  Denied in all respects not specifically admitted.

139.    Paragraph 139 of the Complaint appears to contain an informal, uncertified, incomplete, rendition of an unauthenticated recording, to which Defendants lack the knowledge or information sufficient to form a belief regarding, and therefore deny same.

140.    In response to Paragraph 140 of the Complaint admit that Plaintiff emailed Ms. Hollingsworth on June 15, 2021, and that said email stated certain allegations.  Denied in all respects not specifically admitted.

{29792-00759915;1}
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 16

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

141.     In response to Paragraph 141 of the Comlaint, admit that in his June 15, 2021 email Plaintiff claimed to have video and audio recorded evidence supporting his allegations. Denied in all respects not specifically admitted.

142.     In response to Paragraph 142 of the Complaint, admit that any video or audio recordings taken by Plaintiff onboard the F/T CAPE HORN were acquired in violation of Company Policy, and that Ms. Hollingsworth advised him accordingly.  Denied in all respects not specifically admitted.

143.     In response to Paragraph 143 of the Complaint, admit that on June 15, 2021, Plaintiff claimed to be experiencing symptoms requiring medical attention.  Denied in all respects not specifically admitted.

144.     In response to Paragraph 144 of the Complaint, admit that in response to Plaintiff's reported medical symptoms, Plaintiff was provided access to a shoreside telemedical provider through HealthForce.  Denied in all respects not specifically admitted.

145.     In response to Paragraph 145, admit that Captain Doremus and First Mate Pack worked on the F/T CAPE HORN in June 2021.  Denied in all respects not specifically admitted.

146.     In response to Paragraph 146 of the Complaint, admit that the F/T CAPE HORN was operating in the Bering Sea and that therefore shoreside telemedical consultation was provided to Plaintiff.  Denied in all respects not specifically admitted.

147.     In response to Paragraph 147 of the Complaint, denied.

148.     In response to Paragraph 147 of the Complaint, denied.

149.     In response to Paragraph 148 of the Complaint, denied.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

150.     In response to Paragraph 149 of the Complaint, admit that the F/T CAPE HORN's arrival times in port are subject to a number of factors including but not limited to operations and weather conditions in the Bering Sea.  Admit that projected arrival times are subject to change.  Denied in all respects not specifically admitted.

151.     In response to Paragraph 151 of the Complaint, denied.

152.     In response to Paragraph 152 of the Complaint, admit that deductions were identified in Plaintiff's 2021 Crew Member Agreement.  Denied in all respects not specifically admitted.

153.     In response to Paragraph 153 of the Complaint, admit that Plaintiff's 2021 Crew Member Agreement set forth the terms of his compensation and identified deductions. Denied to the extent Paragraph 153 alleges Captain Doremus articulated compensation inconsistently with the terms of the 2021 Crew Member Agreement. Denied in all respects not specifically admitted.

154.     In response to Paragraph 154 of the Complaint, denied.

155.     In response to Paragraph 155 of the Complaint, denied.

156.     In response to Paragraph 156 of the Complaint, denied.

157.     In response to Paragraph 157 of the Complaint, denied.

158.     In response to Paragraph 158 of the Complaint, admit that Plaintiff was provided food and meals while he was onboard the vessel. Denied in all respects not specifically admitted.

159.     In response to Paragraph 159 of the Complaint, denied.

160.     In response to Paragraph 160 of the Complaint, denied.

161.     In response to Paragraph 161 of the Complaint, admit.

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

1     162.    In response to Paragraph 162 of the Complaint, denied.

2     163.    In response to Paragraph 163 of the Complaint, admit that Plaintiff refused to

3  sign paperwork presented by Captain Doremus. Further admit that Captain Doremus advised

4  Plaintiff that it was Plaintiff's choice to sign or not to sign.  Denied in all respects not

5  specifically admitted.

6     164.    In response to Paragraph 164 of the Complaint, admit that Plaintiff

7  surreptitiously, improperly and without participant knowledge and/or consent took video

8  and/or audio recordings while onboard the F/T CAPE HORN.  Denied in all respects not

9  specifically admitted.

10    165.    Paragraph 165 of the Complaint appears to contain an informal, uncertified,

11  incomplete, rendition of an unauthenticated recording, to which Defendants lack the

12  knowledge or information sufficient to form a belief regarding, and therefore deny same.

13    166.    In response to Paragraph 166 of the Complaint, admit.

14    167.    In response to Paragraph 167 of the Complaint, admit that Vessel Recruiter

15  Hollingsworth provided an employment reference for Plaintiff in fall 2021.  Denied in all

16  respects not specifically admitted.

17    168.    In response to Paragraph 168 of the Complaint, denied.

18    169.    Paragraph 169 appears to quote an identified document of unknown origin.

19  Defendants lack the knowledge or information sufficient to form a belief regarding the

20  allegations in Paragraph 169 and therefore deny same.

21    170.    In response to Paragraph 170 of the Complaint, denied.

22    171.    In response to Paragraph 171 of the Complaint, denied.

23    172.    In response to Paragraph 172 of the Complaint, denied.

{29792-00759915;1}

ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 19

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

173.    In response to Paragraph 173 of the Complaint, denied.

174.    In response to Paragraph 174 of the Complaint, denied.

175.    In response to Paragraph 175 of the Complaint, denied.

176.    In response to Paragraph 176 of the Complaint, denied.

177.    In response to Paragraph 177 of the Complaint, denied.

## CAUSE OF ACTION

### COUNT 1 – 42 USC 1981 Retaliation

178.    Defendants hereby incorporate their responses to each of the foregoing

paragraphs as if fully set forth herein in response to Paragraph 178 of the Complaint.

179.    In response to Paragraph 179 of the Complaint, denied.

180.    In response to Paragraph 177 of the Complaint, denied.

181.    In response to Paragraph 181 of the Complaint, denied.

182.    In response to Paragraph 182 of the Complaint, denied.

183.    In response to Paragraph 183 of the Complaint, denied.

184.    In response to Paragraph 184 of the Complaint, , and subparts (a) through (m)
        thereto inclusive, denied.

185.    In response to Paragraph 185 of the Complaint, denied

186.    In response to Paragraph 186 of the Complaint, denied.

187.    In response to Paragraph 187 of the Complaint, denied.

### COUNT 2 – WLAD RCW 49.60 et seq. – Retaliation

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

188.     Defendants hereby incorporate their responses to each of the foregoing paragraphs as if fully set forth herein in response to Paragraph 188 of the Complaint.

189.     In response to Paragraph 189 of the Complaint, denied.

190.     In response to Paragraph 190 of the Complaint, denied.

191.     In response to Paragraph 191 of the Complaint, denied.

192.     In response to Paragraph 192 of the Complaint, denied.

193.     In response to Paragraph 193 of the Complaint, denied.

194.     In response to Paragraph 194 including subparts (a) through (m) thereto inclusive, denied.

195.     In response to Paragraph 195 of the Complaint, denied.

196.     In response to Paragraph 196 of the Complaint, denied.

197.     In response to Paragraph 197 of the Complaint, denied.


**COUNT 3 – WLAD RCW 49.60 et seq. – Hostile Work Environment**

1.   In response to the second Paragraph 1 of the Complaint, Defendants hereby incorporate their response to each of the foregoing paragraphs 1-197 as if fully set forth herein in response to second Paragraph 1 of the Complaint.

2.   Second paragraph 2 of the Complaint is denied.

3.   Second paragraph 3 of the Complaint is denied.

4.   Second paragraph 4 of the Complaint is denied.

5.   Second paragraph 5 of the Complaint is denied.

6.   Second paragraph 6 of the Complaint is denied.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

**7.**  Second paragraph 7 of the Complaint is denied.

**8.**  Second paragraph 8 of the Complaint is denied.

**9.**  Second paragraph 9 of the Complaint is denied.

**10.** Second paragraph 10 of the Complaint is denied.

**11.** Second paragraph 11 of the Complaint is denied.

## JURY DEMAND

**12.** Plaintiff's demand for a jury at second paragraph 12 of the Complaint appears to state a right and/or issue of law for the Court's determination and to which no response is required by answering Defendants.

## PRAYER

**13.** Plaintiff's Prayer for Relief, found at the second paragraph numbered 13 of the Complaint, and subparts (a) through (i) thereto, sets forth requests for relief that do not require a response from Defendants.  Defendants, however, deny that Plaintiff is entitled to the relief requested in second paragraph 13, inclusive of all subparts (a) through (i) thereto, of the Complaint or to any relief whatsoever.

**BY WAY OF FURTHER ANSWER AND FOR THEIR AFFIRMATIVE DEFENSES,** Defendants reallege their responses to all of the preceding paragraphs and state, but do not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted:

1.  Defendants deny all allegations contained in Plaintiff's Complaint which are not specifically admitted herein.

{29792-00759915;1}
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 22

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

2.      The Complaint and any or all counts therein fail to state a claim upon which relief can be granted against some or all of the Defendants.

3.      Plaintiff's claims fail, in whole or in part, to the extent they seek relief that is not available under the statute pursuant to which he seeks relief and/or are not supported by the relevant facts.

4.      Plaintiff's claims re barred, in whole or in part, because all employment decisions about which Plaintiff complaints were based on legitimate, nondiscriminatory and non-retaliatory reasons.

5.      Defendants did not willfully or otherwise violate any state or federal law.

6.      Plaintiff's claims are barred, in whole or in part, because Defendants' employment-related decisions regarding Plaintiff were based on a reasonable interpretation of Defendants' policies and practices and were not arbitrary, capricious, unreasonable, or made in bad faith, but rather were based on substantial evidence and/or honest belief.

7.      Plaintiff's claims may be preempted or exclusively governed, at least in part, by federal maritime law.

8.      Plaintiff's claims may be barred in part to the extent he failed to satisfy administrative prerequisites and/or exhaust his administrative remedies.  In the alternative, said claims are barred, in whole or in part, on the grounds that this Court lacks subject matter jurisdiction over those claims for which Plaintiff failed to exhaust his administrative remedies.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, justification and/or release.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

10. Defendants at all times acted in good faith to comply with all applicable laws and acted with reasonable grounds to believe their actions did not violate the statutes cited in the Complaint or any other federal or state law. Defendants assert a lack of willfulness or intent to violate such statutes.

11. If any employee of Defendants engaged in any wrongful acts toward Plaintiff said acts were outside of the scope of employee's employment and/or Defendants' policies and were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendants and therefore cannot be attributed or imputed to Defendants.

12. Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory, harassing, or retaliatory behavior and/or Plaintiff unreasonably failed to take advantage of Defendants preventative or protective opportunities or to otherwise avoid harm.

13. Plaintiff is not entitled to punitive or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression, fraud and/or any other basis on which punitive damages might be awarded.

14. Defendants cannot be held liable for punitive damages stemming from the alleged violations of its employees or managers to the extent those employees or managers acted contrary to Defendants policies and procedures established to ensure compliance with 42 U.S.C. Section 1981, which Defendants do not admit that they did.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

16. Plaintiff's claims are barred, in whole or in part, by the acts and omissions of Plaintiff.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

17.     Plaintiff's claims are barred, at least in part, to the extent Plaintiff seeks duplicative relief for the same alleged acts and/or omissions.

18.     Plaintiff's claims are barred, at least in part, to the extent that any alleged conduct or omission by Defendants was not the cause in fact or proximate cause of any injury or damages alleged by Plaintiff.

19.     All or part of Plaintiff's claims, if any, are barred in whole or in part, to the extent plaintiff failed to mitigate his damages, if any.

20.     Plaintiff's injuries and damages, if any, were caused by his own fault, carelessness and neglect without any fault on the part of Defendants.

21.     Plaintiff's claims are barred and/or Plaintiff's damages are limited by the after acquired evidence doctrine

22.     Defendants did not take any action against Plaintiff based on his race.

23.     Defendants did not retaliate against Plaintiff.

24.     Defendants would have taken the same employment actions towards Plaintiff regardless of his race, his alleged exercise of any rights under federal or state law, or any alleged discriminatory or retaliatory motive, which Defendants deny.

25.     Glacier Fish Company LLC and Cape Horn Vessel LLC are not proper parties to this action.

26.     Defendants reserve the right to assert any additional affirmative defenses that become known during the course of this action.

### PRAYER FOR RELIEF

WHEREFORE, having responded to the allegations in Plaintiff's Complaint and sated their Affirmative Defenses, answering Defendants pray as follows:

{29792-00759915;1}
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 25

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

1.  That Plaintiff's complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.  That Defendants' costs and fees be taxed against Plaintiff;

3.  For such other relief as the Court may deem just and equitable.

DATED this 23rd day of November, 2021.

/s/ Carey M.E. Gephart
/s/ Nathan J. Beard
/s/ Peter J. Balzarini
CAREY M.E. GEPHART, WSBA #37106
NATHAN J. BEARD, WSBA #45632
PETER J. BALZARINI, WSBA #52854
LEGROS BUCHANAN & PAUL, P.S.
4025 Delridge Way S.W., Suite 500
Seattle, Washington 98106
Telephone:     206-623-4990
Facsimile:     206-467-4828
Email:         cgephart@legros.com
               nbeard@legros.com
               pbalzarini@legros.com
Attorneys for Defendants

{29792-00759915;1}
ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES –
Case No. 2:21-cv-01474 SKV - Page 26

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990

1

### CERTIFICATE OF SERVICE

2

I hereby certify that on November 23, 2021, I electronically

3 filed the foregoing with the Clerk of the Court using the CM/ECF
system, which will send notification of such filing to the following:

4

Robin J. Shishido, Esq.

Jordan A. Taren, Esq.

5 Shishido Taren PLLC

705 Second Ave. Suite 1500

6 Seattle, WA 98104

Email:  rshishido@shishidotaren.com

7 jtaren@shishidotaren.com

*Attorneys for Plaintiff*

8

Joshua Friedman, Esq.

9 Friedman & Houlding LLP

1050 Seven Oaks Lane

10 Mamaroneck, NY 10543

Email: josh@friedmanhouldingllp.com

11 *Attorney for Plaintiff (Pro Hac Vice)*

12 ☐ Via U.S. Mail

☐ Via Email Transmission

13 ■ Via CM/ECF Electronic Filing/E-Service

☐ Via Hand Delivery

14

15 I certify under penalty of perjury under the laws of the State of
Washington that the foregoing is true and correct.

16 Signed at Seattle, Washington.

17 *s/Ali McMahon*

Ali McMahon, Legal Assistant

18 4025 Delridge Way S.W., Suite 500

Seattle, Washington 98106

19 Telephone:  206-623-4990

Facsimile:  206-467-4828

20 amcmahon@legros.com

21

22

23

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON  98106-1271
(206) 623-4990